# Order

Michigan Supreme Court
Lansing, Michigan

December 20, 2019

159605

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
             Plaintiff-Appellee,

v

WALTER AARON KELLY,
             Defendant-Appellant.
_____/

SC:  159605
COA:  340033
Wayne CC:  16-008683-FH

On order of the Court, the application for leave to appeal the March 26, 2019 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE Part II of the Court of Appeals judgment, and we REMAND this case to the Wayne Circuit Court for further proceedings.  As noted by dissenting Judge Ronayne Krause, while *Miranda v Arizona*, 384 US 436 (1966), is not generally invoked for on-the-scene questioning or other general questioning of citizens, such inquiries apply to questioning of persons "not under restraint."  *Id*. at 477, and see *People v Hill*, 429 Mich 382, 397-399 (1987).  The defendant was handcuffed and under restraint when questioned, so *Miranda* applied.  On remand, the prosecutor is not precluded from arguing that the evidence is admissible under the public-safety exception to *Miranda*.  In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order peremptorily reversing the judgment of the Court of Appeals.  Defendant approached police officers executing a search warrant at a home that he had listed on his driver's license as his place of residence. Based upon defendant's association with the home, an officer handcuffed him, asked him for identification, and inquired whether there were any weapons in the vehicle defendant had driven to the home.  Defendant informed the officer that there was a firearm in the vehicle and volunteered that he did not have a concealed-weapons permit for the weapon. Police then retrieved the firearm, and defendant was charged with unlawfully carrying a concealed weapon.  He subsequently moved to suppress evidence of the firearm, arguing that the officer had not provided him warnings consistent with *Miranda v Arizona*, 384 US 436 (1966).  The trial court denied the motion, a jury convicted defendant as charged, and the Court of Appeals affirmed the conviction, rejecting defendant's argument that the lower court had erred by denying his motion to suppress.  This Court now reverses the Court of Appeals, concluding that because the officer handcuffed defendant, he was required to "Mirandize" defendant before asking any further questions.  I would grant leave to appeal for two reasons.

First, it is not immediately apparent that police handcuffing an individual necessarily triggers the warnings requirement set forth in *Miranda*. "In *Miranda*, the United States Supreme Court held that the Fifth Amendment's prohibition against compelled self-incrimination requires that the accused be given a series of warnings before being subjected to 'custodial interrogation.' " *People v Elliott*, 494 Mich 292, 301 (2013), quoting *Miranda*, 384 US at 444. But "not . . . all statements obtained by the police after a person has been taken into custody are to be considered the product of interrogation." *Rhode Island v Innis*, 446 US 291, 299 (1980). Rather, " '[i]nterrogation,' as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself." *Id*. at 300. And "the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." *Id*. at 302. Here, a police officer on a public street, and in plain view of a number of members of the public (rather than within a police car or a police station), asked defendant general questions concerning his identity and whether there were weapons within his vehicle. Thus, it is hardly clear that the officer either (a) applied any measure of compulsion beyond placing defendant in custody by way of handcuffing defendant, or (b) asked questions that he should have known would elicit an incriminating response. Affirmative answers to *both* of these legal assessments is a required precondition to a reversal.

Second, the United States Supreme Court has held that officers executing a search warrant on a residence may for the duration of the search detain and handcuff individuals found at the residence. *Muehler v Mena*, 544 US 93, 98-102 (2005). And it is commonplace for officers under these circumstances to ask generalized and informational questions when detaining such an individual. Therefore, I would grant leave to appeal and establish clear precedent in the instant circumstance in order to afford the police in this state reasonable guidance as to whether they must "Mirandize" individuals detained and questioned in the course of the execution of a search warrant. It is a matter of considerable law-enforcement consequence for the people of this state that its highest Court would peremptorily conclude that *Miranda* has been breached, and therefore that an unlawful firearm must be excluded as evidence, without first addressing the threshold inquiries set forth in this dissent.

ZAHRA, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 20, 2019



Clerk

p1217